## No. 7146.

### THE STATE VS. JOHN L. LARESCHE.

A notary is not a constitutional officer, but is the creation of the Legislature, and is subject to its control.

The record of the civil suit against the present defendant for the recovery of the money paid to him as notary, because of his false and fraudulent representations, is admissible as evidence in a proceeding against him to suspend or remove him from office for that cause.

In the absence of legal definition of the words "just cause" it may be considered that they cover any violation by a notary of any mandatory law governing him in the exercise of his functions.

The power to suspend a notary for just cause, conferred by statute upon any of the district judges, is not an investiture of criminal jurisdiction, and therefore is not alone cognizable by a court of criminal jurisdiction and after trial by jury, but by a judge of civil causes as well.

APPEAL from the Third District Court of New Orleans. MONROE, J.

The Attorney-General, and *Hornor & Benedict* for the State. *Sabourin* and *Michinard* for Defendant Appellant.

The State, through the Attorney-General, joined by J. B. Henry, instituted the proceeding to effect the suspension of the defendant

from his office of notary for the reason that he had concocted a sham sale of a piece of property and had induced Henry to buy the note given for its price, which really represented nothing.    The judgment below suspended him.

WHITE, J., delivered the opinion affirming the judgment.